**SO ORDERED.**

**SIGNED this 09 day of June, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

ERNEST LAYNE HAWKINS,                             CASE NO. 11-02379-8-JRL

    DEBTOR.                                                    CHAPTER 7

_____

**ORDER**

      This matter came before the court on the debtor's motion to set aside foreclosure. A hearing was held on June 8, 2011, in Raleigh, North Carolina.

      The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on March 29, 2011. The Caddell Woods Homeowners Association ("Caddell") acquired a lien on the debtor's residence to secure unpaid homeowners association dues on October 18, 2010. A foreclosure sale took place at the Wake County Courthouse on March 10, 2011, where Caddell was the highest bidder. A commissioner's deed was then executed on April 4, 2011. The debtor alleges that the execution of the commissioner's deed was a violation of the automatic stay which took effect on March 29, 2011. However, the foreclosure sale took place on March 10, 2011. While the court is sympathetic to the debtor's situation, it is well established in this district and under North Carolina law that a sale of real property cannot be set aside after the ten-day

upset bid period has expired. See In re Barham, 193 B.R. 229, 232 (Bankr. E.D.N.C. 1996), In re Smith, 24 B.R. 19 (Bankr. W.D.N.C. 1982), Goad v. Chase Home Fin., LLC, 704 S.E.2d 1 (N.C. App. 2010).

In North Carolina, once a foreclosure sale is conducted, a ten-day upset bid period commences during which any person may bid on the real property. See N.C. Gen. Stat. § 45-21.27. The debtor also retains an equitable right of redemption over the property during this time period. See Anderson v. Moore, 63 S.E.2d 641, 644 (N.C. 1951). If a petition is filed before the ten-day period runs, the Bankruptcy Code will suspend the upset bid period and the stay will take effect. Beneficial Mortgage Co. of N.C. v. Barrington and Jones Law Firm, 595 S.E.2d 705, 709 (N.C. App. 2004) (citing In re Di Cello, 80 B.R. 769, 773 (Bankr. E.D.N.C. 1987)). However, once this ten-day period has expired, the purchaser's rights become fixed and the property would no longer be protected by the automatic stay in a subsequent bankruptcy filing. In re Figured, 2009 Bankr. LEXIS 2580 (Bankr. E.D.N.C. 2009); In re Barham, 193 B.R. at 232. In this case, the ten-day upset bid period ended on March 20, 2011, vesting title to the property in Caddell. Therefore, the property was not a part of the bankruptcy estate formed on March 29, 2011 and was not subject to the automatic stay under 11 U.S.C. § 362.

Based on the foregoing, the motion to set aside foreclosure and commissioner's deed is **DENIED**.

"END OF DOCUMENT"